*706 After the announcement of the opinion in this case, counsel for plaintiff filed a motion requesting leave to take testimony in support of dependency for the period May 26, 1980, the last date on which testimony was taken prior to the hearing of the case by the court, to April 6, 1931, the date of the decision. This motion was allowed April 10, 1931.
Plaintiff submitted fui'ther evidence for the period May 26, 1930, to April 6, 1931, from which the court finds that during this period the plaintiff made contributions to his mother of $180 a month; that during this period his mother had income from all other sources of only five dollars a month from certain shares of Pullman Company’s stock and, with this exception, received no income except from the contributions made by plaintiff. She was dependent upon him for her chief support.
October 16, 1931, plaintiff filed a motion for judgment upon a statement from the General Accounting Office of the amount due and called attention to the fact that the court in Finding IY and in its opinion made no specific reference to the rental allowance for the period November 2,1924, to April 30,1925, and failed specifically to hold that plaintiff was entitled to rental allowance for the period in the amount of $477.33. During this period from November 2, 1924, to April 30, 1925, plaintiff was on sea duty during the entire time and did not occupy Government quarters. The amount of $477.33 should be included in the judgment.
Upon the findings of fact set forth in the court’s opinion of April 6, 1931, and upon the foregoing additional facts, the plaintiff is entitled to rental of $6,194.01 and subsistence of $2,564.40, totaling $8,758.41; wherefore,
It is ordered and adjudged that the plaintiff have and recover from the United States the sum of eight thousand seven hundred fifty-eight dollars and forty-one cents ($8,758.41).